FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ JAN 0 7 2010 ★

BROOKLYN OFFICE

### UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                )
                                         )
    Plaintiff,                           )
                                         )
    v.                                   )
                                         )
THE CITY OF NEW YORK; THE NEW            )
YORK CITY HEALTH AND HOSPITALS          )
CORPORATION; THE KINGS COUNTY           )
HOSPITAL CENTER; ALAN D. AVILES,        )
President, New York City Health and     )
Hospitals Corporation, in his official  )
capacity only; ANTONIO MARTIN,          )
Executive Director, Kings County Hospital )
Center, in his official capacity only;  )
JOSEPH P. MERLINO, M.D., Deputy         )
Executive Director for Behavioral       )
Health Services, Kings County Hospital  )
Center, in his official capacity only,  )
                                         )
    Defendants.                          )
                                         )
_____ )

**CV 10 - 0060**

Civ. No. --

**MATSUMOTO, J.**

**LEVY, M.J.**

### COMPLAINT

PLAINTIFF, THE UNITED STATES OF AMERICA ("Plaintiff"), by its undersigned attorneys, hereby alleges upon information and belief:

1. The Attorney General files this Complaint on behalf of the United States of America pursuant to the Civil Rights of Institutionalized Persons Act of 1980, 42 U.S.C. § 1997, to enjoin the named Defendants from depriving persons institutionalized at the Kings County Hospital Center inpatient psychiatric units and the Kings County Hospital Center Comprehensive

Psychiatric Emergency Program (collectively, "KCHC"), located in Brooklyn, New York, of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States. This Complaint is also filed pursuant to the Violent Crime Control and Law Enforcement Act of 1994, 42 U.S.C. § 14141 ("§ 14141"), which gives the Attorney General authority to file suit to remedy a pattern or practice of misconduct by law enforcement officers that deprives persons of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1345.

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a.

4. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997b have been met. The Certificate of the Attorney General is appended to this Complaint as Attachment A and is incorporated herein.

5. Venue in the Eastern District of New York is proper pursuant to 28 U.S.C. § 1391.

DEFENDANTS

6. Defendant City of New York ("City") is responsible for the oversight of the public health care system in all five boroughs of New York City and as such has responsibility for the protections, services, and supports provided to patients at KCHC, an inpatient facility housing individuals in need of emergency and long-term psychiatric inpatient services.

7. Defendant Health and Hospitals Corporation ("HHC") is a public benefit corporation which owns and operates KCHC. HHC provides medical, mental health and substance abuse services and is responsible for the care and treatment provided to KCHC patients.

8. Defendant Kings County Hospital Center is a public, full-service acute care hospital located in Brooklyn, New York and operated by the HHC. The Kings County Hospital Center encompasses and controls the day-to-day operations of the inpatient psychiatric service and the Comprehensive Psychiatric Emergency Program ("CPEP"). References to KCHC in the Complaint and Consent Judgment are understood by the parties to mean the CPEP and the inpatient psychiatric service only, as described herein in paragraph 1.

9. Defendant ALAN AVILES is the President of the HHC and has authority over the Kings County Hospital Center and over the care of

- 3 -

patients at the Kings County Hospital Center.  Defendant AVILES is sued in his official capacity.

10.  Defendant ANTONIO MARTIN is the Executive Director of the Kings County Hospital Center and is responsible for the day-to-day operations of KCHC.  Defendant MARTIN is sued in his official capacity.

11.  Defendant JOSEPH P. MERLINO, M.D., is the Deputy Executive Director for Behavioral Health Services at the Kings County Hospital Center and is responsible for the day-to-day administration of behavioral health services at KCHC.  Defendant Merlino is sued in his official capacity.

12.  Defendants are legally responsible, in whole or in part, for the operation and conditions of KCHC, and for the health and safety of persons institutionalized at KCHC.

13.  Defendants are governmental authorities or agents thereof with responsibility for the administration of KCHC within the meaning of 42 U.S.C. § 1997a and 42 U.S.C. § 14141(a).

14.  At all relevant times, the Defendants or their predecessors in office have acted or failed to act, as alleged herein, under color of law.

## FACTUAL ALLEGATIONS

15.  KCHC  is an institution within the meaning of 42 U.S.C. § 1997(1).

- 4 -

16. Individuals are confined to, or reside at, KCHC because they have been determined by the courts or Defendants to have mental illness or other disabilities requiring protections, supports, and services.

17. Defendants are obligated to operate KCHC in a manner that does not infringe upon the federal rights, as protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, of KCHC patients.

18. The protections, supports, and services at KCHC substantially depart from generally accepted professional standards of care, thereby exposing the individuals residing there to significant risk of harm, and in some cases, to actual harm, as set forth in the letter issued by Acting Assistant Attorney General Loretta King on January 30, 2009, detailing the United States' investigative findings of conditions at KCHC ("Findings Letter"). The Findings Letter is appended to this Complaint as Attachment B and is incorporated by reference herein.

19. The protections, supports, and services substantially depart from generally accepted professional standards of care in the following specific respects, among others, and detailed in the Findings Letter:

     a.    the provision of reasonably safe conditions, including protection from harm and environmental conditions, so as

- 5 -

to ensure the reasonable safety and personal security of
KCHC patients;

b.   the provision of adequate treatment planning, necessary
to protect KCHC patients' liberty interests, sufficient to
ensure their safety and freedom from undue or
unreasonable restraint;

c.   the provision of adequate psychiatric, psychological and
medical and nursing care services to KCHC patients;

d.   the provision of adequate and appropriate hospital
policing services; and

e.   the provision of adequate discharge planning and
community placement services.

20.   KCHC patients are "qualified individual[s] with a disability"
under the ADA, 42 U.S.C. §§ 12101, 12131.

21.   The City and the City of New York Health and Hospitals
Corporation are "public entities" under Title II of the ADA, 42 U.S.C.
§ 12131.

22.   Defendants have violated the ADA by excluding KCHC patients,
by reason of their disability, from placement in the most integrated setting
appropriate to their needs by failing and continuing to fail to ensure that

- 6 -

KCHC patients are adequately evaluated for placement in the most integrated setting; that those individual patients whom professionals determine should be placed in community programs are placed in such programs, when appropriate; and that KCHC patients are served in the most integrated setting appropriate to each patient's individual needs.

<u>VIOLATIONS ALLEGED</u>

23. The United States incorporates by reference the allegations set forth in Paragraphs 1 through 22, as if fully set forth herein.

24. The acts and omissions alleged in Paragraphs 18 and 19 and outlined in the Findings Letter constitute a pattern or practice and infringe upon the KCHC patients' legal rights and substantive liberty interests and constitute resistance to their full enjoyment of their rights, privileges, or immunities secured or protected by the Fourteenth Amendment to the Constitution of the United States and by other federal law, and deprive KCHC patients of such rights, privileges, or immunities.

25. The acts and omissions alleged in Paragraph 22 and outlined in the Findings Letter violate the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the regulations promulgated thereto, 28 C.F.R. Part 35, by failing to administer services, programs, or activities to KCHC patients in the most integrated setting appropriate to their needs.

- 7 -

26. Unless restrained by this Court, Defendants will continue to engage in the acts and omissions set forth in Paragraphs 18, 19, and 22 and in the Findings Letter that deprive KCHC patients of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

## PRAYER FOR RELIEF

27.    The Attorney General is authorized under 42 U.S.C. § 1997 to seek equitable and declaratory relief.

WHEREFORE, the United States prays that this Honorable Court enter an order permanently enjoining Defendants, their officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in paragraphs 18, 19, and 22 above, and that this Court require Defendants to take such actions as will ensure lawful conditions are afforded to patients at KCHC.  The United States further prays that this Court grant such other and further equitable relief as it may deem just and proper.

Respectfully submitted,

ERIC H. HOLDER, Jr.
Attorney General of the
United States

- 8 -

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

SAMUEL BAGENSTOS
Deputy Assistant Attorney General
Civil Rights Division

MICHAEL J. GOLDBERGER
Federal Bar No.
Chief of Civil Rights
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6052
michael.goldberger@usdoj.gov

TAMMIE GREGG
Principal Deputy Chief
Special Litigation Section

DAVID DEUTSCH
CATHLEEN S. TRAINOR
LAURA M. WELP
Attorneys
Civil Rights Division
Special Litigation Section
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Room 5026
Washington, DC  20530
(202) 514-6270
david.deutsch@usdoj.gov

- 9 -



# Office of the Attorney General
## Washington, D. C. 20530

### CERTIFICATE OF THE ATTORNEY GENERAL

I, Eric H. Holder, Jr., Attorney General of the United States, certify that with regard to the foregoing Complaint, <u>United States v. the City of New York</u>, I have complied with all subsections of 42 U.S.C. § 1997b(a)(1). I certify as well that I have complied with all subsections of 42 U.S.C. § 1997b(a)(2). I further certify, pursuant to 42 U.S.C. § 1997b(a)(3), my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution and laws of the United States.

In addition, I certify that I have the "reasonable cause to believe," set forth in 42 U.S.C. § 1997a, to initiate this action, and that all prerequisites to the initiation of this suit under 42 U.S.C. §§ 1997a and 1997b have been met.

Pursuant to 42 U.S.C. § 1997a(c), I have personally signed the foregoing Complaint. Pursuant to 42 U.S.C.§ 1997b(b), I am personally signing this Certificate.

Signed this  22nd day of  December , 2009, at Washington, D.C.

ERIC H. HOLDER, Jr.
Attorney General of the United States

42 U.S.C. § 1997